IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RODNEY C. MOORE,

                Petitioner,                ORDER

    v.

                                      09-cv-23-slc

ATLANTA GA POLICE DEPT.;
CITY OF ATLANTA GA;
Police Officer MICHAEL BUCKLEY;
Columbia Cty District Atty Former MARK
BENNETT; COLUMBIA CTY;
CITY OF SUN PRAIRIE;
SUN PRAIRIE POLICE OFFICERS;
FRANK SMITH; MICHAEL BUCKLEY;
SCOTT BARTNICK; KEVIN KONOPACKI;
RICHIE STILES-RIDDLE; NOVAK;
JOHNSON;
DEPT OF CORRECTIONS P.O. AGENTS;
FRANSICO SALAS; SUSAN BENDER;
DANE CTY SHERRIFFS DEPT. AND DEPUTY'S;
CORY MORRISARD; DENNIS LINDHOLM;
DANE CTY HUMAN SERVICES AND STAFF
MEMBERS; KATHRYN PENNINGROTH;
SHELIA HANSON;
DANE CTY MENTAL HEALTH AND STAFF;
DR. KIM NESTLER; LIANE NAKAMURA;
DANE CTY, STATE OF WISCONSIN;
ADA GRETCHEN HAYWARD;
WISC. RESOURCE CENTER;
TIM ZIGLER; JEREMY WRIGHT;
TOM SPEECH; and
City of Sun Prairie Police Dept. Det. FRANK;

                Respondents.

---

Petitioner Rodney C. Moore, a prisoner at the Columbia Correctional Institution in Portage, Wisconsin, has submitted a proposed complaint. He asks for leave to proceed *in forma pauperis* and supports his request with a six-month trust fund account statement. In addition, petitioner has submitted a document titled, "motion to wave [sic] startup costs," which I construe as a motion for waiver of the fee under 28 U.S.C. § 1915(b)(4). The motion must be denied because petitioner's trust fund account shows that he does not qualify for waiver of the fee pursuant to § 1915(b)(4).

Under §1915(b)(4), a prisoner may not be prohibited from bringing a lawsuit if "the prisoner has no assets and no means by which to pay the initial partial filing fee." Petitioner may think that he falls into the category of prisoners who have "no means" to make an initial partial payment, but controlling authority holds otherwise. Petitioner's immediate shortage of income is not sufficient by itself to allow me to conclude that he lacks the means to pay the initial partial payment pursuant to § 1915(b)(4). In *Newlin v. Helman*, 123 F.3d at 435, the court of appeals stated,

> [I]t is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when the prisoner has no assets and no means by which to pay the initial partial filing fee. A prisoner with periodic income has "means" even when he lacks "assets."

Further, in measuring periodic income, § 1915 requires courts to look backward in time rather than forward. In other words, in determining whether a prisoner has the means to pay, the court cannot consider representations the prisoner makes about his future income or lack of it. Rather, the court must look at the prisoner's income from the previous six months. 28 U.S.C. § 1915(a)(2).

In his motion, petitioner says that he cannot pay an initial partial payment in this case because he "has not had any money to speak of on his account." However, the trust fund account statement petitioner filed in support of his *in forma pauperis* request shows otherwise. In the last six months, petitioner has received deposits to his account totaling $25.40 and he maintains an average monthly balance of $81.94. Under the law established in *Newlin*, funds "exist" in his account.

Therefore, before I will screen petitioner's complaint, he will have to pay an initial partial payment of the $350 fee for filing this case in the amount of $2.73. Also, he must pay the remainder of the fee in monthly installments even if his request for leave to proceed is denied. If petitioner does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that petitioner is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount petitioner must pay at this time is the $2.73 initial partial payment. Before prison officials take any portion of that amount from petitioner's release account, they may first take from petitioner's regular account whatever amount up to the full amount petitioner owes. Petitioner should show a copy of this order to prison officials to insure that they are aware they should send petitioner's initial partial payment to this court.

ORDER

IT IS ORDERED that petitioner's motion for waiver of the initial partial payment in this case, dkt. #5, is DENIED.

Further, IT IS ORDERED that petitioner is assessed $2.73 as an initial partial payment of the $350 fee for filing this case. He is to submit a check or money order made payable to the clerk of court in the amount of $2.73 on or before February 5, 2009. If, by February 5, 2009, petitioner fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily. In that event, the clerk of court is directed

3

to close this file without prejudice to petitioner's filing his case at a later date.

Entered this 15th day of January, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge