IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RODNEY C. MOORE,

                                                       ORDER

            Petitioner,

                                                     09-cv-23-slc[1]

    v.

ATLANTA GA POLICE DEPT.;
CITY OF ATLANTA GA;
Police Officer MICHAEL BUCKLEY;
Columbia Cty District Atty Former MARK BENNETT;
COLUMBIA CTY; CITY OF SUN PRAIRIE;
SUN PRAIRIE POLICE OFFICERS;
FRANK SMITH; MICHAEL BUCKLEY;
SCOTT BARTNICK; KEVIN KONOPACKI;
RICHIE STILES-RIDDLE; NOVAK;JOHNSON;
DEPT OF CORRECTIONS P.O. AGENTS;
FRANSICO SALAS; SUSAN BENDER;
DANE CTY SHERRIFFS DEPT. AND DEPUTY'S;
CORY MORRISARD; DENNIS LINDHOLM;

---

[1] Because there is presently a judgeship vacancy in the Western District of Wisconsin, the court is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker until the vacancy is filled.  It is this court's expectation that the parties in a case assigned to the magistrate judge will give deliberate thought to providing consent for the magistrate judge to preside over all aspects of their case, so as to insure that all cases filed in the district receive the attention they deserve in a timely manner.  At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the case.

1

DANE CTY HUMAN SERVICES AND STAFF
MEMBERS; KATHRYN PENNINGROTH;
SHELIA HANSON;
DANE CTY MENTAL HEALTH AND STAFF;
DR. KIM NESTLER; LIANE NAKAMURA;
DANE CTY, STATE OF WISCONSIN;
ADA GRETCHEN HAYWARD;
WISC. RESOURCE CENTER;
TIM ZIGLER; JEREMY WRIGHT;
TOM SPEECH; and
City of Sun Prairie Police Dept. Det. FRANK,

                       Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Rodney Moore is a prisoner seeking leave to proceed in forma pauperis in this civil action brought under 42 U.S.C. § 1983 and state law.  In a previous order, I concluded that petitioner was indigent and I directed him to make an initial partial payment of the filing fee, which the court has received.

      Because petitioner is a prisoner, I am required under the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A.  Petitioner's complaint is almost impossible to understand.  Although he has sued many parties and he lists many rights he believes were violated, it is far from clear how he believes each of the respondents wronged him in a way that can be remedied in a civil rights

2

lawsuit.

Petitioner's fundamental grievance is relatively clear: he believes he should not be incarcerated. After he discusses a number of perceived injustices that he believes led to his conviction, petitioner writes at the end of his complaint, "The evidence proves I'm innocent" and he asks for release from prison.

In <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), and <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Supreme Court held that prisoners may not challenge their confinement or their convictions under 42 U.S.C. § 1983. Rather, they must bring a petition for a writ of habeas corpus after exhausting their state court remedies.

Petitioner appears to know this because he discusses in a separate letter to the court a petition for a writ of habeas corpus that he filed in state court. Dkt. #4. Although it appears that petitioner is frustrated because the state court has not ruled on his petition, a litigant who is dissatisfied with the progress of his case may not simply start anew in a court that does not have jurisdiction over his claim. Until petitioner's conviction is invalidated through other means, he may not seek relief under § 1983 for unlawful confinement.

Because petitioner's complaint is so difficult to understand, it is not clear whether there may be other matters he wishes to challenge that are unrelated to the validity of his confinement, such as medical care. Petitioner discusses many issues in his complaint, but he does not identify what is a claim and what is background information. It is particularly

3

difficult to identify petitioner's claims because petitioner does not discuss most of the respondents in the body of his complaint. If petitioner means to raise issues related to the *conditions* of his confinement, he may do so under § 1983, but he must give notice to respondents of each of his claims as required by Fed. R. Civ. P. 8. In other words, petitioner must explain in the body of his complaint (and not just in attachments) what <u>each respondent</u> did that petitioner believes violated his federal rights.

In addition, petitioner should be aware of the limitations of Fed. R. Civ. P. 20. As the court of appeals held recently in <u>George v. Smith</u>, 507 F.3d 605 (7th Cir. 2007), petitioner may join claims in a single lawsuit only if they are asserted against the same defendant, Fed. R. Civ. P. 18, or if the allegations "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. If petitioner wishes to challenge unrelated matters against different respondents, he will have to file separate lawsuits.

ORDER

IT IS ORDERED that petitioner Rodney Moore is DENIED leave to proceed on his claim that he is unlawfully confined because it is barred by <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), and <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). The remainder of petitioner's

4

complaint is DISMISSED because it violates Rule 8. Petitioner may have until February 10, 2009 to file an amended complaint that includes a short and plain statement showing that he is entitled to relief on a claim unrelated to the validity of his incarceration. If petitioner does not respond by that date, the clerk of court is directed to close the case.

Entered this 26th day of January, 2009.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge