IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RODNEY C. MOORE,

                                                                               ORDER

                      Petitioner,

                                                                               09-cv-23-slc[1]

      v.

ATLANTA GA POLICE DEPT.;
CITY OF ATLANTA GA;
Police Officer MICHAEL BUCKLEY;
Columbia Cty District Atty Former MARK BENNETT;
COLUMBIA CTY; CITY OF SUN PRAIRIE;
SUN PRAIRIE POLICE OFFICERS;
FRANK SMITH; MICHAEL BUCKLEY;
SCOTT BARTNICK; KEVIN KONOPACKI;
RICHIE STILES-RIDDLE; NOVAK;JOHNSON;
DEPT OF CORRECTIONS P.O. AGENTS;
FRANSICO SALAS; SUSAN BENDER;
DANE CTY SHERRIFFS DEPT. AND DEPUTY'S;
CORY MORRISARD; DENNIS LINDHOLM;
DANE CTY HUMAN SERVICES AND STAFF
MEMBERS; KATHRYN PENNINGROTH;
SHELIA HANSON;
DANE CTY MENTAL HEALTH AND STAFF;
DR. KIM NESTLER; LIANE NAKAMURA;
DANE CTY, STATE OF WISCONSIN;
ADA GRETCHEN HAYWARD;
WISC. RESOURCE CENTER;

---

[1] Because consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action, I am assuming jurisdiction over the case for the purpose of this order.

TIM ZIGLER; JEREMY WRIGHT;
TOM SPEECH; and
City of Sun Prairie Police Dept. Det. FRANK,

        Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order dated January 26, 2009, I reviewed petitioner's complaint and concluded that most of his claims were barred by Preiser v. Rodriguez, 411 U.S. 475 (1973), and Heck v. Humphrey, 512 U.S. 477 (1994), because he was challenging the validity of his confinement, something he must do in the context of a petition for a writ of habeas corpus. I dismissed the remainder of the complaint under Fed. R. Civ. P. 8 because petitioner failed to give respondents notice of any claims he may have been asserting about his conditions of confinement. I gave petitioner an opportunity to file an amended complaint that omitted claims challenging his confinement and that complied with Rule 8.

      Since that order, the court has received eight separate filings from petitioner, none of which is identified as an amended complaint or even as a response to the court's January 26 order. Dkt. ## 11-18. Two of these filings have captions, but nearly all of them include allegations about past or present conditions of confinement. The two captioned documents involve different respondents and different events. One is about a failure to provide proper medication, the other is about a failure to prevent an assault. As I told petitioner in the January 26 order, Rule 20 prohibits a plaintiff from asserting unrelated claims against

2

different defendants or sets of defendants in the same lawsuit.

I will give petitioner one more chance to file an amended complaint that complies with Rule 8 and Rule 20, if he wishes to do so. Any amended complaint he files must have the words "proposed amended complaint" written across the top and it must include the following information:

(1) a caption, listing this court's name (United States District Court for the Western District of Wisconsin), the case number (09-cv-23-slc) and each of the parties he wishes to sue;

(2) a short and plain statement of his claim, describing the facts that form the basis for his claim, each respondent's involvement in the alleged violation of petitioner's rights and the injury petitioner suffered;

(3) a request for relief (as I have told petitioner before, he may not seek release from prison); and

(4) petitioner's signature.

Petitioner may file only one amended complaint in the context of this case. If he wishes to pursue different claims against different respondents, he will have to file a new lawsuit and pay a separate filing fee.

ORDER

3

IT IS ORDERED that petitioner may have until March 16, 2009, to file a proposed amended complaint that complies with this order and Fed. R. Civ. P. 8 and 20. If petitioner does not respond by that date, the clerk of court is directed to close the case.

Entered this 27th day of February, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4