IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RODNEY C. MOORE,

                                                  ORDER

             Plaintiff,

                                                  09-cv-23-slc[1]

     v.

TIM ZIGLER, JEREMY WRIGHT
and TOM SPEECH,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

After filing multiple proposed complaints that failed to comply with the notice and joinder requirements of Fed. R. Civ. P. 8 and 20, plaintiff got it right when he filed a single document in which he alleged that defendants Tim Zigler, Jeremy Wright and Tom Speech failed to protect him from an assault by another prisoner while he was housed at the Wisconsin Resource Center, in violation of the Eighth Amendment. I allowed plaintiff to proceed on this claim in an order dated March 9, 2009.

---

[1] Because consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action, I am assuming jurisdiction over the case for the purpose of this order.

1

Plaintiff has taken a step backward only a few days later by filing what he calls "Additional Complaint for the Amended Complaint, Complaint under the Civil Rights Act, 42 U.S.C. § 1983, Additional Information Carried over from WRC." The title of this document suggests that it is a supplement to plaintiff's complaint, but it is not. Instead, it is a brand new complaint against different defendants (Gregory Grams, Janel Nickels, Officer Gray and two prisoners) at a different institution (Columbia Correctional Institution, where plaintiff is housed now). Although the document is difficult to understand, it appears that plaintiff is alleging that another prisoner as well as staff are harassing him at the prison.

Plaintiff may believe that his new allegations may be brought in the context of this case because he alleges that the other prisoner "is a member of the group that caused [him] bodily harm at Wis. Resource Center." However, two claims against different defendants cannot be brought in the same suit simply because a defendant in one case shares a group affiliation with a person discussed in the complaint in another case. Under Rule 20, claims against different defendants cannot be joined unless they arise out of the same transaction or series of transactions and share a common question of law or fact. Plaintiff cannot satisfy this standard because the two claims involve a different threat from different people at a different time and place. If plaintiff wants to bring the claims contained in his "Additional Complaint," he must file a new complaint and pay a new filing fee.

2

ORDER

IT IS ORDERED that plaintiff Rodney Moore's motion to supplement his complaint, dkt. #23, is DENIED.

Entered this 13th day of March, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge