IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RODNEY C. MOORE,

                                          ORDER

                Plaintiff,

                                          09-cv-23-slc[1]

     v.

TIM ZIEGLER, JEREMY WRIGHT
and TOM SPEECH,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Rodney Moore is proceeding on a claim under the Eighth Amendment that defendants failed to protect him from an assault by another prisoner while he was incarcerated at the Wisconsin Resource Center in 2007. He has filed a document that he calls "Supplemental for Relief and Addition of Defendants." The document is difficult to understand. Although it is only two pages, it includes numerous requests, some of which seem contradictory. He asks:

---

[1] Because consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action, I am assuming jurisdiction over the case for the purpose of this order.

1

- "to stay in the Western District at this time";

- "to be remanded back to trial court because of the unlawful administration of antipsychotic medications [he] was given instead of [his] prescribed medication. (Zoloft.)";

- to "bring in [his] mistaken arrest when [he] was seeking help for medications at that time";

- "to add a Name, the inmate that rearranged [his] face Mohammed Rouse Jr.";

- "to have [his] conviction set aside."

In addition, plaintiff complains that unnamed individuals "are to trying to do a Chapter 980 on [him] for asking legal advice. They stated that [he is] the next Jeffrey Dahmer and his friends are waiting for me in G.P. and other prisons."

Although plaintiff asks that his case be "remanded" to "trial court," I do not understand him to be seeking transfer of this case. Rather, I understand plaintiff's requests to fall into three categories: adding new claims to his complaint, adding a new defendant and adding a new request for relief. In particular, I construe plaintiff's motion as one to amend his complaint to: (1) include claims about a failure to provide proper medication and to protect him from others who wish to harm him now; (2) add as a defendant the prisoner who allegedly assaulted him in 2007; and (3) add a request to have his conviction set aside.

I have addressed in previous orders plaintiff's request to set aside his conviction and

2

his various requests to include new claims of past and present mistreatment. Dkt. ##10, 19 and 24. To repeat, plaintiff may not challenge his conviction in the context of a civil lawsuit brought under 42 U.S.C. § 1983 and he may not amend his complaint to raise unrelated claims against new defendants. If plaintiff wishes to challenge his conviction, he must file a petition for a writ of habeas corpus after exhausting his state court remedies. (As it turns out, plaintiff filed a habeas petition in this court in March 2009 in which he challenged a conviction for which he is no longer serving a sentence. I dismissed that petition because plaintiff is no longer "in custody" for that sentence within the meaning of 28 U.S.C. § 2254. Moore v. Grams, 09-cv-147-slc (W.D. Wis. Apr. 8, 2009).) If plaintiff wishes to bring unrelated claims against new defendants, he must file a separate lawsuit and pay a new filing fee.

This leaves plaintiff's request to add a new defendant to the case. Although plaintiff does not say so explicitly, I presume that "the inmate [who] rearranged [his] face" is the prisoner from whom plaintiff says defendants failed to protect him in 2007. Because that prisoner is not a public official and he did not act under color of law, he may not be sued for violating plaintiff's civil rights under 42 U.S.C. § 1983. E.g., Thurman v. Village of Homewood, 446 F.3d 682, 687 (7th Cir. 2006). Rather, plaintiff's claim against the other prisoner would be one for assault and battery under state law.

A federal court's authority to hear state law causes of action is limited. Under 28

3

U.S.C. § 1367(a), a federal district court may hear a state law claim when it is "so related" to a federal claim in the same action "that they form part of same case or controversy." Plaintiff's claim against inmate Rouse does not meet this standard. Although there may be a closeness in time between the events surrounding plaintiff's claim against Rouse and his claim against defendants, there is very little overlap in the facts relevant to each claim.

To prove a claim against Rouse, plaintiff will have to prove facts relating to *Rouse's* and plaintiff's actions and intentions. WIS JI - Civil 2004 (assault requires intent to cause physical harm or intent to make plaintiff fear harm is imminent); WIS JI - Civil 2005 (battery requires intent to cause harm to which plaintiff did not consent). See also WIS JI - Civil 2006 (no battery occurs if injury was inflicted in self defense). These facts are largely irrelevant to the facts plaintiff will have to prove to succeed on his claim against defendants, which are whether *defendants* knew that plaintiff was at a substantial risk of serious harm. In other words, plaintiff's claim against defendants is distinct from his claim against inmate Rouse. He can prove an assault and battery claim in state court against Rouse without even mentioning defendants or their actions or inactions. Allowing plaintiff to litigate an assault and battery claim against Rouse along with his claim of constitutional wrongdoing against defendants would serve only to confuse matters. Therefore, I decline to exercise supplemental jurisdiction over plaintiff's state law claim against inmate Rouse. If plaintiff wishes, he can pursue his claim against Rouse in state court.

4

ORDER

IT IS ORDERED that plaintiff Rodney Moore's motion for "Supplemental . . . Relief and Addition of Defendants," dkt. #40, is DENIED.

Entered this 5th day of May, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

5