IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RODNEY C. MOORE,
                                                    OPINION and ORDER
                    Plaintiff,
                                                    09-cv-23-vis[1]
        v.

TIM ZIGLER, JEREMY WRIGHT
and TOM SPEECH,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this prisoner civil rights case, plaintiff Rodney Moore alleges that defendants Tim
Zigler, Jeremy Wright and Tom Speech failed to protect him from an assault by his cell
mate, in violation of the Eighth Amendment.  Before the court is defendants' motion for
summary judgment on the ground that plaintiff failed to exhaust his available administrative
remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The parties agree that plaintiff did not file a grievance within the deadline imposed
by state regulations.  However, plaintiff advances two reasons why this failure should not

---

[1]  The parties have declined the jurisdiction of the magistrate judge in this case.
Because no Article III judge has been assigned, I am assuming jurisdiction over the case for
the purpose of resolving the parties' current dispute.

1

result in a dismissal of his case.  First, plaintiff says that he was not required to file a grievance because "the grievance system could not provide him with relief" after the assault occurred.  Second, plaintiff says that the "serious head injuries" he suffered from the assault prevented him from filing a timely grievance.  Because <u>Booth v. Churner</u>, 532 U.S. 731 (2001), forecloses plaintiff's first argument and he has adduced no evidence to support his second argument, defendants' motion for summary judgment must be granted.

I draw the following undisputed facts from the parties' affidavits filed in support of this  motion.


## UNDISPUTED FACTS

Plaintiff Rodney Moore is a prisoner in the custody of the Wisconsin Department of Corrections.  At all times relevant to plaintiff's complaint, defendants Tim Zigler, Jeremy Wright and Tom Speech were employees of the Wisconsin Resource Center .

On November 1, 2007, plaintiff was assaulted by his cell mate at the Wisconsin Resource Center.  Plaintiff suffered multiple injuries to his face and head that required emergency medical treatment and minor follow-up care.  Immediately after the assault, plaintiff was placed in protective custody; on November 12, he was released to the general prison population; and on November 15, he was transferred to the Columbia Correctional Institution.

On November 14, 2007, plaintiff filed a letter in a case in which he was a criminal defendant in the Circuit Court for Dane County, Wisconsin and a pleading in an appeal pending before the Wisconsin Court of Appeals.  The letter included several sentences describing the November 1, 2007 assault.  Both filings were handwritten and signed by plaintiff only.

Plaintiff filed an administrative complaint regarding the assault on November 29, 2007.  He alleged that he had warned defendants Zigler, Wright and Speech about his cell mate before the assault occurred.  He concluded with the statement, "[b]ecause of my health and my moving to another institution is why it took so long to file this" grievance.  On December 3, 2007, the complaint examiner rejected plaintiff's grievance, stating, "Pursuant to DOC 310.11(5)(d), the inmate submitted the complaint beyond 14 calendar days from the date of the occurrence giving rise to the complaint and provides no good cause for the [complaint examiner] to extend the timelines."

In his appeal of the decision, plaintiff wrote, "I was under protective custody and the [first] 2 to 3 weeks after the beating I was dealing with severe headach[e]s and as soon as I started feeling better I was moved.  I didn't [k]no[w] that I had to file any kind of [a complaint] for WRC's neglect."  Defendant Speech affirmed the decision, concluding that plaintiff had not provided "a compelling reason for an exception."

Plaintiff filed two more grievances regarding the assault, one dated December 14,

3

2007, and the other December 19, 2007.  The examiner rejected the December 14 grievance as untimely and the December 19 grievance because the issue in the grievance had been "previously addressed" in the earlier decisions.

OPINION

A. Overview of 42 U.S.C. § 1997e(a)

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The exhaustion requirement is mandatory, Woodford v. Ngo, 548 U.S. 81, 85 (2006), and "applies to all inmate suits," Porter v. Nussle, 534 U.S. 516, 524 (2002).

Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing the initial grievance, Cannon v. Washington, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, *and at the time*, the prison's administrative rules require." Pozo, 286 F.3d at 1025 (emphasis added).  See also Woodford, 548 U.S. at 90 ("proper exhaustion demands compliance with an agency's

4

deadlines"). A failure to follow these rules may require dismissal of the prisoner's case.

Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 535 (7th Cir. 1999). However,

"[i]f administrative remedies are not 'available' to an inmate, then the inmate cannot be

required to exhaust." Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006).


### B. Availability of Remedy

The first question is whether the grievance system could have provided plaintiff a

remedy after the assault. Plaintiff says the answer is "no":

> By the time Mr. Moore had filed his November 29, 2007, Offender
> Complaint, he had already been severely beaten. No administrative remedy
> could prevent that incident from occurring in retrospect. The only prospective
> "relief" for Mr. Moore, i.e. moving him away from the prisoner who beat him
> before the beating occurred, was expressly foregone by prison staff prior to
> November 1, 2007.

Plt.'s Br., dkt. #62, at 11-12.

Of course, plaintiff is correct that prison administrators could do nothing to prevent

the assault after it occurred. Plaintiff is also correct that § 1997e(a) does not require a

prisoner to file a grievance when *no* relief is available to him. Booth v. Churner, 532 U.S.

731, 736 (2001) (relief is not "available" if grievance system "lacks authority to provide any

relief or to take any action whatsoever in response to a complaint"). However, as defendants

point out, administrators could have provided *some* relief by conducting an investigation,

5

disciplining the other prisoner (or the officers who failed to protect him) or taking additional steps to insure that another assault did not occur.  These possible forms of relief might seem like cold comfort after enduring an assault, but the Court made it clear in <u>Booth</u> that a prisoner may not avoid the grievance process even when he finds the relief offered unsatisfying.  <u>Id.</u> at 741 ("Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures.")

Plaintiff cites a passage from <u>Perez</u>, 182 F.3d at 538, in which the court questioned whether a prisoner would be required to file a grievance for a broken leg if his leg healed before he filed his lawsuit.  However, the court's musing in <u>Perez</u> is not controlling, both because it is dicta and because it is contrary to <u>Booth</u>, which was decided after <u>Perez</u>.  The court of appeals recognized this in <u>Larkin v. Galloway</u>, 266 F.3d 718, 723 (7th Cir. 2001), when it concluded that a prisoner was required to file a grievance regarding excessive force despite the plaintiff's argument that "once the beatings were over and his injuries had healed, the harm was done and no further administrative action could alter the amount of monetary damages to which he was entitled."  <u>Id.</u> at 723.  The court stated that "<u>Perez</u> simply did not resolve" the question whether a prisoner must file a grievance after "the harm is done" and that <u>Booth</u> "took a broader view [than <u>Perez</u>] of the utility of prison administrative processes."  <u>Id.</u>  <u>See also</u> <u>Braham v. Clancy</u>, 425 F.3d 177, 182 (2d Cir. 2005) (rejecting argument that "administrative remedies were unavailable after [plaintiff] was attacked by"

6

another prisoner; administrators could have "[d]evelop[ed] . . . policies and procedures pertaining to the grievance or disciplin[ed] the relevant officers"), <u>overruled on other grounds by</u> <u>Macias v. Zenk</u>, 495 F.3d 37 (2d Cir. 2007).

## B. <u>Plaintiff's Ability to File a Timely Grievance</u>

Under Wis. Admin. Code § DOC 310.11(5)(d), a complaint examiner may reject a prisoner's grievance if "[t]he inmate submitted the complaint beyond 14 calendar days from the date of the occurrence giving rise to the complaint and provides no good cause to the [complaint examiner] to extend the time limits."  It is undisputed that plaintiff failed to file a grievance within 14 days of the assault, but he argues that the complaint examiner erred by refusing to find good cause.  In particular, he says in his brief that his "head injuries rendered him unable to invoke the administrative procedure within the 14-day period following the brutal attack." Plt.'s Br., dkt. #62, at 14 .  (Plaintiff seems to have abandoned the arguments raised in his grievances and appeals that he was unable to file a timely grievance because of his placement in protective custody, his transfer to another prison or his ignorance of the grievance procedures.)

When a prisoner is unable to file a timely grievance for reasons outside his control, § 1997e(a) does not require a court to dismiss the lawsuit.  <u>E.g.</u>, <u>Kaba</u>, 458 F.3d at 685 (7th Cir. 2006); <u>Dole v. Chandler</u>, 438 F.3d 804, 809 (7th Cir. 2006); <u>Dale v. Lappin</u>, 376 F.3d

652, 656 (7th Cir. 2004); <u>Lewis v. Washington</u>, 300 F.3d 829, 833 (7th Cir. 2002). <u>See also</u>

<u>Days v. Johnson</u>, 322 F.3d 863, 867 (5th Cir. 2003) (prisoner exhausted all available

remedies when he filed untimely grievance because his hand was broken). The problem in

this case is that plaintiff has not adduced any evidence that his injuries prevented him from

filing a grievance.

  "[A]rguments in briefs are not evidence." <u>Box v. A&P Tea Co.</u>, 772 F.2d 1372, 1379

n. 5 (7th Cir. 1985). Plaintiff did not submit an affidavit in which he averred that his

headaches were so painful or his other injuries were so severe that he could not concentrate

long enough to write a few sentences. <u>Compare</u> <u>Pavey v. Conley</u>, 544 F.3d 739, 740 (7th

Cir. 2008) (noting factual issue raised by prisoner's "affidavit which stated that he had been

unable to exhaust [his administrative] remedies because he could not prepare the grievance

himself, as he is left-handed and it was his left arm that was broken"). Although plaintiff has

submitted medical records, those records confirm only that he was injured. Nothing in the

records suggests that he suffered from injuries that prevented him from writing. In fact,

defendants have submitted evidence suggesting the opposite. On November 14, 2007,

plaintiff filed handwritten documents in two different lawsuits; each was signed personally.

Dkt. #57, exhs. 104 and 105. Although plaintiff says in his brief that "[i]t appears that Mr.

Moore did not actually draft either document," dkt. #62, at 14, this is another assertion not

supported by any admissible evidence. Even if plaintiff did not draft those documents, his

argument that he was physically unable to file a grievance is doomed by the lack of any supporting evidence.

I note one final matter.  The records submitted by the parties show that defendant Speech decided two appeals of grievances in which plaintiff was complaining about Speech's conduct.  In many situations, such a striking conflict of interest would be a violation of due process.  Tumey v. State of Ohio, 273 U.S. 510, 522 (1927) ("That officers acting in a judicial or quasi judicial capacity are disqualified by their interest in the controversy to be decided is of course the general rule.")  Plaintiff did not raise this issue in his brief, likely because he realizes that due process does not apply to a decision that does not result in a deprivation of the prisoner's liberty or property.  Although defendant Speech's involvement may not invalidate the administrative decisions or excuse plaintiff's failure to follow procedural rules, it is somewhat surprising that the Department of Corrections' own policies would permit an officer to resolve a complaint about his own alleged misconduct.  Regardless whether an officer can be fair and impartial in such a case, it is likely to create a perception of unfairness whenever the decision is unfavorable to the prisoner.

Although plaintiff's complaint will be dismissed for his failure to exhaust his administrative remedies, the dismissal will be without prejudice.  Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) ("[A]ll dismissals under § 1997e(a) should be without prejudice.")

ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants Tim

Zigler, Jeremy Wright and Tom Speech, dkt. # 54, is GRANTED and the complaint is

DISMISSED without prejudice for plaintiff Rodney Moore's failure to exhaust.  The clerk

is directed to enter judgment in favor of defendants and close this case.

Entered this 8th day of December, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge